JUSTICE GRAY,
specially concurring.
I concur in the Court’s opinion and write separately to clarify why it is appropriate to adopt the “manifest disregard” approach here, having declined to do so in May.
In May, which I authored, the appellant requested that we adopt the “manifest disregard of the law” approach to judicial review of arbitration awards. The bases asserted for adopting that approach were that we had already endorsed it in McIntosh v. Hartford Fire Ins. Co. (1938), 106 Mont. 434, 78 P.2d 82, and that certain federal court cases addressed the approach. Noting that McIntosh predated the legislature’s enactment of the Montana Uniform Arbitration Act (MUAA) by nearly fifty years, we concluded that that case could “hardly be said to have interpreted the statutes which now govern judicial review of arbitrations.” With regard to the cited federal cases, we observed that the appellant merely extracted and reiterated general statements from those cases and made “no effort to establish how or why the case before us fits within the factual context of the cases containing the [general] statements” relied on by the appellant. May, 887 P.2d at 190. Most importantly, we noted in May that the MUAA was a uniform act and that the appellant presented
no authority from sister states applying the manifest disregard standard under their respective Uniform Arbitration Acts. It is clear that the legislature intended us to be guided by such sister *419 state decisions in interpreting the MUAA, rather than simply following blindly every federal approach to arbitration.
May, 887 P.2d at 191. Indeed, the very purpose of uniform acts is to produce uniformity in the law in those states adopting them.
In the present case, the Geisslers corrected the omission made by the appellant in May. They presented persuasive sister state authority applying the manifest disregard standard during judicial review of arbitration awards under the same statutes — that is, the Uniform Act statutes — that govern such judicial review in Montana. As a result, we properly adopt that interpretation here and, in that regard, conclude that the Geisslers failed to state a claim under the manifest disregard of the law standard on which relief could be granted.